IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

EDWARD KLINE, as an individual
and on behalf of all others similarly
situated,

        Plaintiff,

v.

EARL STEWART HOLDINGS,
LLC, a Florida corporation, d/b/a
EARL STEWART TOYOTA,

        Defendant.
_____/

## NOTICE OF REMOVAL
## BY DEFENDANT STEWART AGENCY INC.

Defendant Stewart Agency Inc., improperly named as Earl Stewart Holdings, LLC ("Earl Stewart"), hereby petitions this Court for removal of this action from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2010-CA-006855XXXXMB ("State Court Action"), to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). As grounds for this removal, Toyota respectfully states as follows:

### I.    BACKGROUND

1. On or about March 11, 2010, Plaintiff Edward Kline commenced this putative class action by filing his Class Action Complaint for Damages and Equitable Relief ("Original Complaint") in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2010-CA-006855XXXXMB. In his Original Complaint, Plaintiff asserted

claims against Toyota Motor Corporation ("TMC"), Toyota Motor Sales, USA, Inc. ("TMS"), and Earl Stewart.

2.   On May 26, 2010, Plaintiff filed an Amended Class Action Complaint for Damages and Equitable Relief ("Amended Complaint") in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2010-CA-006855XXXXMB. Despite asserting many of the same claims and factual allegations contained in the Original Complaint, Plaintiff did not name TMC and TMS as defendants in the Amended Complaint. Plaintiff removed the indispensable parties, TMC and TMS, as named defendants in a transparent attempt to avoid federal court jurisdiction.

3.   Plaintiff alleges that certain Toyota vehicles suffered from a defective condition of the acceleration system and that Earl Stewart knew or should have known of this condition. (Compl. ¶ 11). Plaintiff further alleges that his vehicle "may no longer be safe to operate due to a potential sudden acceleration problem caused by a defective accelerator pedal, electronic system failure or both." (Compl. ¶ 13).

4.   Plaintiff seeks rescission of his sales contract, a temporary injunction requiring Earl Stewart to provide him and each class member with a rental vehicle until the conclusion of this litigation, compensatory damages, interest, costs, and "other relief this Court deems just, appropriate, and proper." (Compl. ¶¶ 43, 46, 53, 62, 66, 70, 79, and Prayer for Relief).

5.   Plaintiff alleges in his Complaint that he is bringing this action on behalf of "Palm Beach County, Florida consumers who purchased their Affected Vehicles during the relevant time period—**January 2004 to January 2010**." (Compl. ¶ 19) (emphasis in original). The "Affected Vehicles" consist of eight different Toyota models, including RAV4, Corolla, Matrix,

Avalon, Camry, Highlander, Tundra, and Sequoia, ranging from model year 2005 to model year 2010. (Compl. ¶ 9).

6. This action is just one of numerous putative class actions recently filed against Toyota and Toyota-related entities based on allegations concerning Toyota's recent recalls related to the issue of unintended acceleration.

7. As of the date of filing of this notice of removal, there are more than one-hundred-ninety (190) federal class actions pending against Toyota and Toyota-related entities asserting claims very similar to the ones brought in the Amended Complaint. In addition, there are approximately eighty (80) individual claims pending in federal courts related to the issue of unintended acceleration.

8. On February 1, 2010, a petition was filed with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking pretrial coordination of all pending federal cases before one United States District judge. *See In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Prac., and Prod. Liab. Litig.*, MDL No. 2151. The Panel convened on March 25, 2010 to determine whether the various unintended acceleration cases filed around the country were appropriate for consolidation pursuant to 28 U.S.C. § 1407. On April 9, 2010, the Panel issued a Transfer Order, initially transferring six cases to the Central District of California for coordinated or consolidated pretrial proceedings before the Honorable Judge James V. Selna. *See* Transfer Order (April 9, 2010), attached hereto as Exhibit A. To date, the Panel has transferred more than one-hundred-fifty (150) related cases to the Central District of California for coordinated and consolidated proceedings in the MDL and an additional seventy-nine (79) cases originally filed in the Central District of California have also been reassigned to Judge Selna for consolidated and coordinated proceedings.

9.  Pursuant to 28 U.S.C. § 1446(d), Earl Stewart has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a copy in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

10. This Court has subject matter jurisdiction over this action and all claims asserted against Toyota pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

11. Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c) and 1441(a) because the United States District Court for the Southern District of Florida is the federal judicial district embracing the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, where the State Court Action was filed.

13. Service of the Summons and the Amended Complaint was made on Earl Stewart on July 2, 2010.  On July 22, Earl Stewart timely filed a Motion to Dismiss in the State Court Action within 20 days of July 2, 2010, the date Earl Stewart was served with the Amended Complaint.  This Notice of Removal is also timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of July 2, 2010, the date Earl Stewart was served with the Complaint.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants in Case No. 50-2010-CA-006855XXXXMB are attached hereto as Exhibit B.

15. No further proceedings have occurred in this action.

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION  PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1453

16.     This Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") as codified at 28 U.S.C. § 1332(d).

17.     CAFA provides that a federal district court shall have original jurisdiction of any civil class action in which:  (A) there are 100 or more members in the plaintiff's proposed class; (B) any member of the proposed class is a citizen of a state different from any defendant; and (C) the amount placed in controversy by the claims of the class members exceeds the sum or value of $5,000,000 in the aggregate (exclusive of interest and costs).  28 U.S.C. § 1332(d)(2), (d)(5), and § 1453(b); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006). As demonstrated herein, all of these criteria are met.

### A.      THE PROPOSED CLASS EXCEEDS 100 CLASS MEMBERS

18.     CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  This action has been filed as a state court class action pursuant to Florida Rules of Civil Procedure 1.220(a), (b)(2), and (b)(3), which are similar to Federal Rule of Civil Procedure 23.  (Compl. ¶ 37).  Plaintiff's case falls within the definition of class action as contained in CAFA.

19.     Plaintiff alleges that there are "at least, many thousands of members of the Class." (Compl. ¶ 21).

20.     Therefore, CAFA's requirement of a minimum putative class size of 100 or more persons is satisfied.

**B.     MINIMUM DIVERSITY OF CITIZENSHIP EXISTS UNDER CAFA**

21.     Earl Stewart is, and was at the time this lawsuit was commenced, a citizen of Florida because it is incorporated in Florida and has its principal place of business in Florida. (*See* Compl. ¶ 2) (acknowledging that Earl Stewart is a "corporation organized under the laws of the State of Florida with its principal place of business located in Lake Park, Florida").

22.     The putative class includes all consumers who purchased the "Affected Vehicles" from Earl Stewart in Palm Beach County, Florida from January 2004 to January 2010. (Compl. ¶ 19). Many of the members of the putative class are, and were at the time this lawsuit was commenced, citizens of states other than Florida. The citizenship of a natural person for purposes of diversity jurisdiction is equivalent to a person's domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Id.* at 1257-58. In determining a person's domicile, courts consider factors such as location of real property, the state issuing the individual's driver's license, and the state in which the individual is registered to vote. *See id*. Moreover, although citizenship and residence are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

23.     Robert Marshall is one example of a putative class member who is, and was at the time this lawsuit was commenced, a citizen of a state other than Florida. Mr. Marshall purchased a 2008 Toyota Avalon from Earl Stewart on March 11, 2009. *See* Vehicle Buyer's Order, attached to the Declaration of Janet Goetz, attached hereto as Exhibit C, at Tab 1. At the time of purchase through the present, Mr. Marshall has been domiciled in the state of Ohio. Specifically, since January 2002, Mr. Marshall has owned real property and resided at 754 Bluff Oak Trail,

6

Lima, Ohio 45807.  *See* Allen County Auditor Report, attached hereto as Exhibit D; Vehicle Buyer's Order (identifying his address as 754 Bluff Oak Trail, Lima, Ohio 45807).  Mr. Marshall registered his "Affected Vehicle" in the state of Ohio.  *See* Certificate of Registration, attached hereto as Exhibit E.  Additionally, Mr. Marshall has been registered to vote and has voted in Ohio since at least November 2000.  *See* Voter Information, *available at* http://www.sos.state.oh.us/SOS/voterquery.aspx?page=361, screen shot attached hereto as Exhibit F.  These facts establish that Mr. Marshall was a citizen of Ohio at all relevant times.

24. The diversity of citizenship between putative class member Robert Marshall and Earl Stewart satisfies the minimal diversity requirements of CAFA as set forth in 28 U.S.C. § 1332(d)(2), which provides that the Court shall have jurisdiction if any one member of a class of plaintiffs is a citizen of a state different from any defendant.

C. **IT IS CLEAR FROM THE ALLEGATIONS IN THE COMPLAINT THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**[1]

25. CAFA provides that a federal district court shall have original jurisdiction over a putative class action where the claims of the individual class members, when aggregated, exceed the sum of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

26. Plaintiff's Amended Complaint states that Plaintiff is seeking rescission of his sales contract, a temporary injunction requiring Earl Stewart to provide him and each class member with a rental vehicle until the conclusion of this litigation, compensatory damages, interest, costs, and "other relief this Court deems just, appropriate, and proper." (Compl. ¶¶ 43, 46, 53, 62, 66, 70, 79, and Prayer for Relief).

---

[1] Though Earl Stewart disputes that Plaintiff is entitled to bring this action, denies liability, and contends that Plaintiff can recover nothing under the claims in the Amended Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy.

7

27.     It is well-established that the value of **all claims** against a defendant are added together in order to determine whether the requisite minimum for federal jurisdiction exists. *See*, *e.g.*, *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

28.     **Plaintiff's Amended Complaint clearly establishes the requisite $5,000,000 amount in controversy.**  Plaintiff alleges he and each putative class member are entitled to rescission of the contract for sale that they entered with Earl Stewart.  (Compl. ¶ 43).  Plaintiff alleges that putative class members are entitled to recover the consideration paid on the contract plus interest at the legal rate.  (Compl. ¶ 30).  The class consists of consumers who purchased one of the following vehicles from Earl Stewart in Palm Beach County, Florida between January 2004 and January 2010: (i) certain 2009-2010 RAV4, (ii) certain 2009-2010 Corolla, (iii) 2009-2010 Matrix, (iv) 2005-2010 Avalon, (v) certain 2007-2010 Camry, (vi) certain 2010 Highland, (vii) 2007-2010 Tundra, and (viii) 2008-2010 Sequoia.  (Compl. ¶¶ 9 and 19).  In 2009 alone, putative class members paid more than $16 million in consideration for 2008-2010 model year Camrys.  *See* Declaration of Janet Goetz ¶ 3.

29.     Plaintiff also seeks an order requiring Earl Stewart to provide each putative class member with "an interim temporary/rental vehicle, while storing their vehicle until it can be determined to be safe to operate."  (Compl. ¶ 46).  Plaintiff alleges that Earl Stewart should provide such "interim temporary/rental vehicles" for as long as "this suit is pending."  (Compl. ¶ 50).  Plaintiff further alleges that the putative class includes "many thousands of members." The cost of providing rental cars and storage to the many thousands of putative class members would far exceed the $5 million threshold.  *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005) (allowing simple multiplication of a possible award to determine aggregate amount in controversy under CAFA).  Assuming even an unrealistically low rental

8

cost of $10 per day for 4,000 class members (a number likely much smaller than Plaintiff's allegation of "many thousands of members"), the amount in controversy would be reached in merely five months. This case, of course, is likely to remain pending for much longer than five months. In 2009, the median duration of civil cases from filing to disposition in United States District Courts was 8.9 months. *See* U.S. District Court – Judicial Caseload Profile, *available at* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl.

30. **The nature of the harm that Plaintiff alleges he suffered confirms that the amount in controversy exceeds $5 million.** Plaintiff alleges that he and all persons similarly situated have suffered economic damages in that: (i) "they purchased and paid for a product that did not conform to what was promised as promoted, marketed, advertised, packaged, and labeled," (ii) "they were deprived of the benefit of their bargain and spent money on a product that did not have any value or had less value than warranted or a product they would not have purchased and used had they known the true facts about it," (iii) they had to "spend money on attaining other transportation while [their vehicles" are being fixed," and (iv) they "suffered actual damages, including a diminution of value of the subject vehicles." (Compl. ¶¶ 66, 70, and 79). In order to satisfy the $5,000,000 amount in controversy requirement under CAFA, assuming a class size of 4,000 (a conservative estimate in light of Plaintiff's allegation of "many thousands of members"), Plaintiff and the putative class members would only need to seek relief for these alleged damages in the amount of $1,250. The relief Plaintiff is seeking clearly exceeds $1,250.

9

### D. THE CAFA EXCEPTIONS TO FEDERAL JURISDICTION DO NOT APPLY TO THIS ACTION

31. Although CAFA has additional provisions under which the District Court may or shall decline jurisdiction, no statutory exception to CAFA Jurisdiction applies in this case.[2] *See* 28 U.S.C. § 1332(d)(3) and (4). Plaintiff has attempted to evade federal court jurisdiction by amending his complaint to remove diverse parties, TMS and TMC, as named defendants in this action. Plaintiff's failure to name TMS and TMC as defendants subjects the Amended Complaint to dismissal. Both TMS and TMC are indispensable parties and are the primary defendants responsible for the alleged actions identified in the Amended Complaint. For example, Plaintiff asserts a breach of express warranty claim against Earl Stewart in his Amended Complaint. (Compl. ¶¶ 59-62). TMS, however, is the only entity that provided an express warranty to Plaintiff covering the vehicle that is the subject of this lawsuit. Additionally, TMC is an indispensable party inasmuch as it is the manufacturer of Plaintiff's vehicle and is a necessary party to defend against claims alleging a design or manufacturing defect. Accordingly, TMC and TMS are necessary, primary defendants, and this fact should be acknowledged when analyzing the CAFA exceptions.

32. Section 1332(d)(3), the "interest of justice" exception, does not apply because, among other reasons, TMC and TMS, necessary parties to this litigation, are not citizens of Florida, the state where this action was originally filed.

33. Section 1332(d)(4)(A), the "local controversy" exception, does not apply because Earl Stewart is not genuinely a defendant from whom significant relief is sought or whose conduct forms a significant basis for the claims asserted by the class. TMS and TMC are the entities whose conduct forms a significant basis for the claims asserted by the class. The local

---

[2] Plaintiff bears the burden of proving that an exception to CAFA jurisdiction applies. *See Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461 at *4 (E.D. Ky. 2007).

10

controversy exception is also inapplicable because, as discussed above, numerous class actions asserting the same or similar allegations have been filed against TMC and TMS on behalf of the same persons during the three-year period preceding the filing of this class action.[3]

34.     Section 1332(d)(4)(B), the "home state" exception, does not apply because, among other reasons, TMC and TMS are not citizens of Florida, the state where this action was originally filed.

35.     This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.

### III.     CONCLUSION

In conclusion, Earl Stewart respectfully submits that:  (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from Earl Stewart's state of incorporation and principal place of business; (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 are met.  For these reasons, Earl Stewart respectfully requests that this Court assume full jurisdiction over this action as provided by law.

---

[3] In the legislative history for this section of CAFA, the Committee stated its intent that cases such as the one at issue should be removable.  Specifically, the Committee provided the following example of a case that would be exempted from the provisions of § 1332(d)(4):

> A class action is brought in Florida against an out-of-state automobile manufacturer and a few in-state dealers, alleging that a certain vehicle model is unsafe because of an allegedly defective transmission. The vehicle model was sold in all fifty states but the class action is only brought on behalf of Floridians. This case would not fall within the Local Controversy Exception for two reasons.  First, the automobile dealers are not defendants whose alleged conduct forms a significant basis of the claims or from whom significant relief is sought by the class. Even if the plaintiffs are truly seeking relief from the dealers, that relief is just small change compared to what they are seeking from the manufacturer. Moreover, the main allegation is that the vehicles were defective. In product liability cases, the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of the class members.  Second, the case falls outside the Local Controversy Exception because the ''principal injuries resulting from the alleged conduct,''— i.e., selling a vehicle with a defective transmission — were incurred in all fifty states. The fact that the suit was brought as a single-state class action does not mean that the principal injuries were local. In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct—not just where the proposed class members were injured. Thus, any defendant could remove this case to federal court.

          Respectfully submitted,

          LEWIS TEIN, P.L.
          3059 Grand Avenue, Suite 340
          Coconut Grove, Florida 33133
          Tel: (305) 442-1101
          Fax: (305) 442-6744

By:   */s/ Michael R. Tein*_____
          MICHAEL R. TEIN
          Fla. Bar No. 993522
          tein@lewistein.com

          *Attorneys for Defendant*
          *Earl Stewart Holdings, Inc.*

*Of counsel:*

Cari Dawson
Scott Elder
Derin Dickerson
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309-3424
Phone:   404-881-7000
Fax:        404-253-7777
cari.dawson@alston.com
scott.elder@alston.com
derin.dickerson@alston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2nd, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that one copy of the foregoing Notice of Removal was served via first class United States mail postage prepaid this 2nd day of August, 2010, upon:

Brian W. Smith
Smith & Vanture, LLP
1615 Forum Place, Suite 4C
West Palm Beach, Florida 33401

Howard Rubinstein
Law Offices of Howard Rubinstein
P.O. Box 4839
Aspen, Colorado 81611

Andrew McElroy
Whatley, Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203

      /s/ *Michael R. Tein*
      MICHAEL R. TEIN