IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:10-cv-80912-JIC

EDWARD KLINE, as an individual
and on behalf of all others similarly
situated,

      Plaintiff,

v.

EARL STEWART HOLDINGS,
LLC, a Florida corporation, d/b/a
EARL STEWART TOYOTA,

      Defendant.

_____/

**DEFENDANT'S MOTION TO STAY PENDING ACTION
BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Earl Stewart Holdings, LLC respectfully moves this Court to stay this matter in its entirety pending a ruling by the Judicial Panel on Multidistrict Litigation on the transfer of this action for inclusion in *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2151, which is currently pending in the Central District of California, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.    Defendant is seeking inclusion of this case in MDL No. 2151, and the JPML's ruling will, in all likelihood, result in the transfer of this action in the near future.

**I.      INTRODUCTION**

This case is one of more than two-hundred-fifty similar actions pending in federal courts throughout the country, the vast majority of which are duplicative and/or overlapping putative

class actions.[1]  The actions, including this case, are premised upon the same basic set of alleged facts and assert similar claims against the various defendants.  The plaintiffs in these cases claim to be owners or lessees of Toyota and Lexus automobiles that were subject to voluntary safety recalls related to potential unintended acceleration.[2]

Toyota previously filed two motions seeking coordinated treatment of these cases.  After a hearing in which the parties agreed that consolidation of these cases would be appropriate, the JPML transferred eleven cases to the Central District of California on April 9, 2010 for consolidated pretrial proceedings.  *See* Transfer Order, attached hereto as Exhibit "A."  The JPML found that the cases involve common questions of fact and held that:

> No doubt, centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Consequently, centralization will create convenience for the parties and witnesses and will promote the more just and efficient conduct of this litigation.

*See* Transfer Order at 2.

Defendant is in the process of filing a tag-along notice with the JPML seeking to include the instant case in MDL No. 2151.  Defendant anticipates that the JPML Clerk will soon issue a Conditional Transfer Order for this case pursuant to JPML Rule 7.4, which will become effective when filed with the clerk of the transferee court.

---

[1] Actions now been filed to date in Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, and Wyoming.

[2] Defendant acknowledges that there are some differences in the theories of liability and claims regarding the alleged defect(s) in the various actions.  Although the theories of these lawsuits may differ, all relate to the issue of unintended acceleration.  Moreover, the transferee court is vested with discretion to consolidate some complaints, but not others, and to permit multiple consolidated complaints for differing types of claims or plaintiffs. Accordingly, the MDL proceeding can accommodate the various complaints and will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

## II.    ARGUMENT AND AUTHORITY

The principle purposes of multidistrict consolidation and coordination are to further judicial economy, minimize duplicative discovery activity, and eliminate the potential for conflicting pretrial rulings. *See, e.g., In re N.Y. City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978).   These objectives are not served if courts allow these matters to proceed, resulting in waste and inconsistencies that the multidistrict litigation process is designed to prevent. Accordingly, "[a] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."[3]  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Gordillo v. Bank of Am., N.A.*, No. 1:09-cv-01954, 2010 WL 148699, at *2 (E.D. Cal. Jan. 14, 2010) (staying litigation pending a JPML ruling); *Dittman v. DJO, LLC*, No. 08-cv-02791, 2010 WL 174555, at *1 (D. Colo. Jan. 13, 2010) (same); *Lerch v. Davol Inc.*, No. 5:09-cv-130, 2009 WL 5217063, at *1 (W.D.N.C. Dec. 30, 2009) (same); *Jackson v. Merck & Co.*, No. 06-1004, 2006 WL 448695, at *1 (W.D. Tenn. Feb. 19, 2006) (same); *Bledsoe v. Pharm.*, No. 4:05CV02330, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006) (same); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 427-29 (D.N.J. 2003) (same); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000) (same); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (same); *Aetna U.S. Healthcare, Inc. v. Hoechst Akiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (same); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-C-5182, 1999 WL 1044923 (N.D. Ill. Nov. 12, 1999) (same); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (same); *Boudreaux v. Metro. Life Ins. Co.*, No. 95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995)

---

[3] A district court's authority to stay proceedings is well established.  It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

(same); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 2:90cv04378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the multidistrict litigation statute to coordinate related litigation).

In the UA cases, courts throughout the country had already stayed at least seventy-eight related actions on this basis before the transfer order was even entered. Seven of the cases were stayed by courts *sua sponte*. To date, at least 154 stay orders have been issued. *See* Orders Granting Stays, attached hereto as Exhibit "B." Defendant respectfully suggests that the same rationale applies here.

Where a motion for transfer or notice of tag-along actions has been filed with the JPML, district courts have typically reviewed three factors in determining whether to stay proceedings pending a ruling from the JPML. These factors are: (1) potential prejudice to the non-moving party if the stay is granted; (2) hardship to the moving party if the stay is not granted; and (3) the economical use of judicial resources. *See Jackson*, 2006 WL 448695, at *1; *Bledsoe*, 2006 WL 335450, at *1; *The Gator Corp.*, 250 F. Supp. 2d. at 426, 428; *Nekritz v. Canary Capital Partners, LLC*, No. 2:03-cv-05081, 2004 WL 1462035, at *1 (D.N.J. Oct. 27, 2003); *Bd. of Trustees of Teachers' Ret. Sys. of State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002); *U.S. Bank, N.A. v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002); *Falgoust*, 2000 WL 462919, at *2; *Rivers*, 980 F. Supp. at 1360; *Boudreaux*, 1995 WL 83788, at *1. Even when a non-moving party claims that a stay will cause delay and prejudice, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Arthur-Magna, Inc.*, 1991 WL 13725, at *1. *See also Krieger v. Merck & Co.*, 2005 WL 2921640, at *2 (W.D.N.Y. Nov. 4, 2005) (noting

that "the risk of hardship to [the defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [the plaintiff]").

In the present case, all three considerations weigh heavily in favor of granting Defendant's motion for a stay. First, a finite, temporary stay of action in this case is unlikely to result in harm to Plaintiff. This lawsuit is in its infancy, and any delay in the preliminary proceedings would be brief given that the JPML has previously agreed to consolidate actions and Defendant has already filed a tag-along notice. If the stay is only in effect until the JPML issues a decision on transfer, prior courts have held that "there will be no extended delay in the commencement of discovery" and "[t]he plaintiffs will not be substantially prejudiced." *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 2:92-cv-01086 and 2:92-cv-01030, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). *See also Bledsoe*, 2006 WL 335450, at *1 (commenting that "any delay [pending JPML action] is likely to be relatively short"); *Falgoust*, 2000 WL 462919, at *2 (noting that a plaintiff is not typically prejudiced by a "slight delay pending the JPML decision").

Second, even if Plaintiff could demonstrate prejudice to his case due to this minimal delay, the hardship to Defendant in the absence of a stay substantially outweighs any prejudice to Plaintiff. If the court refuses to stay this proceeding, Defendant will be forced to continue litigating this matter even given the strong likelihood that this matter will be transferred, imposing an enormous burden in terms of both time and resources on Defendant. Such effort would be particularly wasteful in a situation such as this one where eventual consolidation is almost certain.

Third, this Court's and the transferee court's interests in judicial economy favor a stay. If there is no stay before the JPML rules on a transfer of this case, this Court risks burdening its

docket with a case that will require time, energy, and attention but that is unlikely to remain with this Court. *See U.S. Bank*, 2002 WL 31114069, at *2 ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted"). Similarly, any case management efforts by this Court will likely have to be repeated by the MDL court. A number of courts have recognized that these concerns of judicial economy weigh in favor of a stay when a motion for transfer is pending before the JPML. *See Jackson*, 2006 WL 448695, at *1; *Bledsoe*, 2006 WL 335450, at *1; *The Gator Corp.*, 250 F. Supp. 2d at 428; *Arthur-Magna, Inc.*, 1991 WL 13725, at *1.

## III.   CONCLUSION

A stay of proceedings in this Court pending the JPML's ruling will benefit Plaintiff, Defendant and this Court as well as the others involved in the MDL. Given the likelihood of the transfer of this case, the lack of prejudice to Plaintiff, the great risk of harm to Defendant and the demands of judicial economy, Defendant requests that this Court stay all proceedings in this matter until the JPML rules on the transfer of this case. For the convenience of the Court, a proposed Order is attached hereto.

LEWIS TEIN, P.L.
*Counsel for Defendant Earl Stewart Holdings, LLC*
The Offices at Coco Walk
3059 Grand Avenue
Suite 340
Coconut Grove, Florida 33133
Telephone: (305) 442-1101
Facsimile: (305) 442-6744


By: */s/ Michael R. Tein*
MICHAEL R. TEIN
Fla. Bar No.: 993522
tein@lewistein.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3rd, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that one copy of the foregoing Defendant's Motion to Stay This Case was served via first class United States mail postage prepaid this 3rd day of August, 2010, upon:

Brian W. Smith
Smith & Vanture, LLP
1615 Forum Place, Suite 4C
West Palm Beach, Florida 33401

Howard Rubinstein
Law Offices of Howard Rubinstein
P.O. Box 4839
Aspen, Colorado 81611

Andrew McElroy
Whatley, Drake & Kallas, LLC
2001 Park Place North, Suite 1000
Birmingham, Alabama 35203

*/s/ Michael R. Tein*
Michael R. Tein